# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

JAMES BRIAN WRIGHT, )
 )
        Plaintiff, )
 )
    v. ) CIV-06-190-FHS
 )
BOB CAMPBELL, et. al., )
 )
        Defendants. )

## ORDER AND OPINION

On May 19, 2006, plaintiff filed a Complaint pursuant to 42 U.S.C. § 1983. In this Complaint, plaintiff alleges the he was denied the right to appeal, denied the right to counsel, denied a speedy trial, denied earned credits, had property stolen from him and is being held in an unhealthy environment. The Complaint seems to make these allegations against all defendants. Defendant Williams has filed a Motion to Dismiss arguing she is entitled to absolute judicial immunity as it relates to plaintiff's claims that she sentenced him to a lengthy sentence, denied a request for counsel, did not inform him of his right to appeal, denied a request for paternity testing, and denied him a speedy trial. She also argues that she is entitled to an order dismissing plaintiff's claims regarding the LeFlore County Sheriff's Office alleged failure to investigate plaintiff's claims of theft, the alleged unhealthy jail conditions plaintiff argues he is being subjected to, his denial of earned credits or pay, the alleged theft of his property, the Oklahoma Department of Human Services' alleged denial of paternity testing, and the Oklahoma Department of Human Services' failure to stop child support responsibility because she did not personally participate in these alleged civil

1

rights violations.  Plaintiff failed to respond to said motion even after a show cause order was entered.

Plaintiff has alleged that defendant Williams sentenced him to a lengthy sentence, denied a request for counsel, did not inform him of his right to appeal, denied a request for paternity testing, and denied him a speedy trial.  It is undisputed these actions were taken in defendant Williams capacity as a Judge. "[J]udges defending against § 1983 actions enjoy absolute immunity from damages liability for acts performed in their judicial capacities." Supreme Court of Virginia v. Consumers Union , 446 U.S. 719, 734-35 (1980) (citations omitted). See also Dennis v. Sparks, 449 U.S. 24, 27 (1980).  Accordingly, defendant's motion to dismiss is granted on these claims.

Plaintiff has also alleged the LeFlore County Sheriff's Office failed to investigate plaintiff's claims of thefts, that he is being forced to live in unhealthy jail conditions, that he was denied earned credits and pay, that his property was stolen, that the Oklahoma Department of Human Services' denied him paternity testing, and that the Oklahoma Department of Human Services' failed to stop child support responsibilities. It is clear from the facts of this case, defendant Williams did not participate in these activities.  It is well settled that personal participation is an essential element of a civil rights action.  Mitchell v. Maynard, 80 F.3d 1433, 1441 (10th Cir. 1996). Since it is undisputed defendant Williams failed to personally participate in these activities she is dismissed from these claims as well.

Accordingly, this action is, in all respects, **DISMISSED** without prejudice as to the defendant Danita Williams.

**IT IS SO ORDERED** this 12th day of March, 2007.

Frank H. Seay
United States District Judge
Eastern District of Oklahoma