```
         IN THE UNITED STATES DISTRICT COURT FOR THE
                    EASTERN DISTRICT OF OKLAHOMA
```

**JAMES BRIAN WRIGHT,**            )
                                   )
        Plaintiff,          )
                                   )
v.                                 )    **CIV-06-190-FHS**
                                   )
**BOB CAMPBELL,** et. al.,         )
                                   )
        Defendant.          )

## OPINION AND ORDER

Pursuant to Federal Rule of Civil Procedure 41 (b) this court dismisses the above action for the plaintiff's continued failure to obey this court's orders and failure to prosecute his case. A brief review of the history of this case is as follows.

Petitioner filed his civil rights complaint on May 19, 2006. On August 24, 2006, defendant Williams filed a motion to dismiss. Plaintiff failed to respond to the motion within the allotted time frame. On February 6, 2007, this court entered a show cause order directing the plaintiff to show cause by February 21, 2007, as to why the defendant Williams' motion to dismiss should not be granted. Plaintiff failed to respond to the motion even after the show cause order was entered. On February 7, 2007, defendant Campbell filed a motion to compel. In that motion defendant Campbell states that plaintiff failed to respond to properly submitted discovery requests. Defendant sent a letter to plaintiff at the address listed for him and the letter was returned to defendant stating plaintiff was no longer at that address. Counsel for defendant called the LeFlore County Detention Center to obtain a current address for plaintiff. Defendant mailed another letter to plaintiff at the new address. This letter was also returned stating plaintiff

1

was no longer at that address. The court granted the motion to compel and gave plaintiff until March 23, 2007, in which to respond to the discovery requests. Plaintiff failed to do this. On March 26, 2007, defendant Campbell filed a motion to dismiss. In this motion, defendant Campbell sought dismissal of this case for plaintiff's failure to comply with court orders and failure to prosecute his case. On June 11, 2007, this court entered a minute order directing the plaintiff to show cause by June 27, 2007, as to why he did not respond to defendant Campbell's motion to dismiss. Plaintiff also failed to respond to this order. On July 18, 2007, this court entered another show cause order directing the plaintiff to show cause by July 31, 2007, as to why he did not comply with this court's order regarding discovery. In this order, the court specifically stated plaintiff's case would be subject to immediate dismissal if he did not comply with this court's order. This order was mailed to the plaintiff but was returned because plaintiff was no longer at the address he had given to the court. Plaintiff did not respond to this show cause order either.

Before imposing dismissal as a sanction, a district court should evaluate the following factors on the record: "(1) the degree of actual prejudice to the other party; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for non-compliance; and (5) the efficacy of lesser sanctions." Ehrenhaus v. Reynolds, 965 F.2d 916, 918 (10th Cir. 1992). Evaluating these five factors and the facts of this case, this court finds dismissal is appropriate.

First, the degree of actual prejudice to the defendants is significant. Plaintiff has failed to cooperate in discovery and has failed to leave a current address. This makes communication with

2

the plaintiff impossible.  Defendants have absolutely no way of defending an action against a plaintiff that cannot be located.  Second, the plaintiff's failure to comply with this court's orders has completely brought the judicial process in this case to a halt.  Third, plaintiff is directly responsible for these delays.  Fourth, in the July 18, 2007, minute order the court specifically warned the plaintiff that it would dismiss his claims if he did not comply with the court's order.  The court was never able to deliver this order to plaintiff because the court did not have a current address for him.  However, plaintiff has received other show cause orders from the court with which he failed to comply. Finally, the court finds lesser sanctions would not correct the behavior of plaintiff.  This litigation simply cannot proceed with the plaintiff failing to follow court orders and failing to properly prosecute his case by giving the court and defendants a proper mailing address.  This court has given the plaintiff many opportunities to pursue this litigation and the plaintiff has failed to do so.  "It is within the court's discretion to dismiss a case if, after considering all the relevant factors, it concludes that dismissal alone would satisfy the interests of justice." Id. at 918.  Further, dismissal pursuant to F.R.C.P. 41 (b) is appropriate when plaintiff fails to prosecute his case.  U.S. ex rel Jimenez v. Health Net, Inc., 400 F.3d 853, 854-856 (10th Cir. 2005).  (Holding dismissal appropriate or proper against a party who discards court order and fails to proceed as required by court rules.)  This court finds that under these circumstances dismissal is an appropriate remedy.

**ACCORDINGLY**, plaintiff's civil rights complaint is **DISMISSED** in its entirety.

**DATED** this 7th day of August, 2007.

Frank H. Seay
United States District Judge
Eastern District of Oklahoma

3